PER CURIAM:
MOTION TO DISMISS APPEAL
The plaintiffs, Robert A. Connell, Leslie D. Ligón, Jr. and William E. Woodward, brought this suit against the defendants, Louis M. Sowers, Director of Corrections, and C. Murray Henderson, Warden of the State Penitentiary at Angola, La., in which they seek a writ of mandamus to compel the defendants to pay their legal fees in connection with their defense of indigent defendants. A judgment was signed on March 27, 1972 by the trial court maintaining the writ of mandamus, and an order of appeal was granted and signed on April 13, 1972 returnable to this court on June 10, 1972. However, the record of this appeal *172 was not filed in this court until September 25, 1972.
The plaintiffs have moved for a dismissal of the appeal on the ground that appeal was not lodged timely in this court, and that the failure in this regard is attributable to the fault of the appellants.
Relatively, the pertinent facts are not disputed. There is a statement in the record signed by Ruth P. Daniel, clerk of the trial court, relative to telephone calls which she made to Stacey Moak, attorney for the appellants on June 2, 5 and 9, 1972. On the occasion of the initial call Mr. Moak was absent from his office, and despite Mrs. Daniel’s being advised that he would return her call, the call was not returned. Mr. Moak returned her call of June 5, and stated he would contact Judge Lear, the trial judge, and obtain an extension of the return date for the appeal. When Mrs. Daniels last called Mr. Moak on June 9, he advised her that he had not obtained an extension from Judge Lear but would do so that day, and call her back after lunch. When Mrs. Daniels did not hear from Mr. Moak, she placed several calls for him both at his office and the office of the Attorney General that same afternoon, but was unable to reach him.
The appellants do not deny the substance and veracity of Mrs. Daniels’ statement, but rely on the proposition that the prime duty to obtain an extension for sufficient cause rested with and devolved upon the clerk of court, and any error in failing to obtain the extension of the return date was not imputable to the appellants, citing C.C. P. Article 2125 in support of this position. The appellants further cite the provisions of C.C.P. Article 2127 in connection with the duties imposed upon the clerk of the trial court in preparing the appeal record, and charging the clerk with the duty of preparing and lodging the record on appeal timely and correctly on or before the return date or any extension thereof.
While it is true that the state and its subdivisions are exempt from the payment of the clerk’s costs in preparing the appeal record not later than three days prior to the return date under R.S. 13:4521, an exception to this statutory exemption is that the state and its subdivisions are obligated to pay the court reporter’s costs for taking testimony.
C.C.P. Article 2127, which is pertinent to a resolution of the issue here, reads as follows :
“The clerk of the trial court shall have the duty of preparing the record on appeal. He shall cause it to be lodged with the appellate court on or before the return day or any extension thereof, upon the timely payment to him by the appellant of all fees due in connection with the appeal, including the filing fee required by the appellate court to lodge the appeal. Failure of the clerk to prepare and lodge the record on appeal either timely or correctly shall not prejudice the appeal.”
Both movers and opponents cite State, Department of Highways v. McPherson, 241 So.2d 543 (La.App., 2d Cir., 1971) in support of their opposing positions. In that case a motion to dismiss the appeal was filed on the ground that the appellant had not paid the stenographic costs, and, therefore, had not perfected its appeal. The motion to dismiss was denied for the reason that the appeal record was filed timely in the appellate court one day in advance of the return day, and the appeal record, having been filed timely, rendered moot the applicability of C.C.P. Article 2126 and 2127.
The facts in the instant case are not in accord with State v. McPherson, supra, because the appeal record here was not filed timely in this court (actually more than three days after the return date) and the effect of the failure on the part of the appellants to pay the stenographic costs timely was to exonerate the clerk of the duty to file the record prior to the return date, thus imputing the delay in filing the record *173 on the appellants and exposing the appellants to the penalty of dismissal.
An examination of Act 531 of 1972, which is a reenactment of C.C.P. Article 2161 does not alter the situation here, and does not accord merit to appellants’ position.
The motion to dismiss the appeal is well taken and the appeal will be dismissed.
Appeal dismissed.